UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NORMAN L. SCOTT, SR.,<br>    Plaintiff,<br>  v.<br>POLICE AND FIRE FEDERAL<br>CREDIT UNION,<br>    Defendant. | Civil Action<br>No. 1:22-CV-00988-KMW-SAK<br><br>OPINION |

Norman L. Scott, Sr.

  *Pro Se* Plaintiff

Christopher C. Nana-Sinkam, Esquire
Silvio A. Trentalange, Esquire

  Counsel for Defendant Police and Fire Federal Credit Union

**WILLIAMS, District Judge:**

 **I. INTRODUCTION**

  This matter comes before the Court by way of the Motion of Defendant Police and Fire Federal Credit Union ("Defendant" or "PFFCU") to Dismiss the Complaint of Plaintiff Norman L. Scott, Sr. ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, Defendant's Motion is granted.

 **II. BACKGROUND**

  **A. Procedural History**

  Plaintiff, proceeding *pro se*, initiated this action and filed a Complaint on February 24, 2022. (ECF No. 1). On March 15, 2022, the Court issued an Order permitting Plaintiff to proceed

1

*in forma pauperis*. (ECF No. 2). Thereafter, on April 18, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 7). On May 12, 2022, the Court issued an Order granting Plaintiff a thirty-day extension of time to either oppose Defendant's Motion or to submit an Amended Complaint (ECF No. 8); Plaintiff failed to submit either within the enlarged time.

On October 17, 2022, the Court issued an Order to Show Cause directing Plaintiff to demonstrate by written submission why Defendant's Motion should not be considered unopposed. (ECF No. 12). The Court further directed Plaintiff to submit an Opposition to Defendant's Motion on or before October 28, 2022; the Court did not grant Plaintiff leave to submit an Amended Complaint. (*Id.*).

On October 28, 2022, Plaintiff submitted neither a written explanation nor an Opposition to Defendant's Motion, as previously ordered by this Court. Rather, Plaintiff submitted an Amended Complaint, and did so without the Court's leave or the Defendant's consent. (ECF No. 13). Subsequently, on December 9, 2022, Defendant filed a Motion to Dismiss the Amended Complaint. (ECF No. 14).[1]

### B. Factual Background

On August 13, 2021, Plaintiff alleges that he was "denied services at the [Defendant's] Moorestown Mall Branch." (ECF No. 1 at 3). Specifically, Plaintiff alleges:

> I was denied a cash advance transaction at the branch. I presented my proper documentation to the teller who said she could not provide me a cash advance because of the status of my accounts with [PFFCU]. The teller [then] said she had to ask if she could in fact do a cash advance for me because of the status of my accounts with [PFFCU].

---

[1] As explained in Part IV(A) *infra*, the Court rejects Plaintiff's Amended Complaint (ECF No. 13) and deems his original Complaint (ECF No. 1) to be the operative pleading for purposes of this Opinion. Consequently, the Court only addresses Defendant's originally filed Motion to Dismiss (ECF No. 7) and denies as moot its subsequently filed Motion to Dismiss the Amended Complaint (ECF No. 14).

(*Id.*).

Thereafter, a branch manager stated that Plaintiff could not be given a cash advance because his account was delinquent, and that PFFCU policy prohibited him from advancing funds on delinquent accounts. (*Id.* at 6). Plaintiff found the manager's tone to be "disrespectful," demanded to see the written policy, and insisted that the manager fulfill his request. (*Id.*). Plaintiff alleges that his disagreement with the manager continued for forty-five minutes. (*Id.*). At some unspecified time, the manager asked Plaintiff to leave the premises. (*Id.*). Presumably, Plaintiff did not, as the manager eventually conceded and agreed to process for Plaintiff a one-time cash advance. (*Id.*).

As a result of this dispute, Plaintiff alleges that he suffered "harassment," "humiliation," and "harm to [his] psyche." (*Id.*). He claims that he had "never been so demeaned in [his] life," and concludes that the alleged treatment was due to his "race, color and gender." (*Id.*). For this alleged treatment, he brings the instant lawsuit and seeks $250,000 in compensatory damages. (*Id.* at 4).

### III. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

## IV. DISCUSSION

### A. Operative Pleading

As a threshold matter, the Court finds Plaintiff's originally filed Complaint (ECF No. 1) to be the operative pleading for purposes of addressing Defendant's Motion. Fed. R. Civ. P. 15 permits plaintiffs to amend their complaints as a matter of course either (1) within 21 days after serving the initial complaint, or (2) within 21 days following the service of an opposing party's motion brought under Rule 12(b). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As to the latter method, Rule 15 encourages courts to "freely give leave when justice so requires." *Id.*

*Pro se* litigants, like Plaintiff here, "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Defendant filed its Motion to Dismiss on March 15, 2022. Thereafter, the Court provided Plaintiff with a thirty-day extension of time to either oppose Defendant's Motion or submit an Amended

4

Complaint; Plaintiff did neither. Indeed, in the 126 days following this new deadline, Plaintiff never obtained Defendant's consent to amend his Complaint. Nor did he seek leave from the Court to do so, much less attempt to file the Amended Complaint. Rather, Plaintiff submitted the Amended Complaint after he had allowed Defendant's Motion to languish unopposed on the docket for 193 days, and despite having been granted two extensions to respond to the same well beyond his original deadline under Rule 15.

Moreover, the Court does not reject Plaintiff's Amended Complaint exclusively for these procedural violations. Indeed, as discussed more fully below, the Court dismisses Plaintiff's action, with prejudice and without leave to amend, because any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile."). Consequently, for purposes of addressing Defendant's Motion, the Court finds Plaintiff's original Complaint (ECF No. 1) to be the operative pleading.[2]

## B. Merits of Plaintiff's Claim

Plaintiff asserts one claim of discrimination pursuant to Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. §§2000a *et seq.* Title II outlaws discrimination in places of public accommodation on the basis of certain recognized protected-class statuses. It provides, in relevant part: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation [ ] without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C.

---

[2] Having found the original Complaint to be the operative pleading, the Court therefore denies as moot Defendant's subsequently filed Motion to Dismiss the Amended Complaint (ECF No. 14).

§ 2000a(a).³ The civil remedies available under Title II are limited to only preventative relief (*e.g.*, injunction). *See Three Rivers Center for Independent Living v. Housing Authority of* City, 382 F.3d 412, 420 (3d Cir. 2004). Stated differently, Title II does not entitle a plaintiff to money damages, outside of attorneys' fees, even where a defendant is judicially determined to have committed a violation. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401–02 (1968).

Having thoroughly examined Plaintiff's Complaint and liberally construed all factual allegations in his favor, the Court finds that he fails to state a claim for discrimination under Title II. Plaintiff's claim does not seek any injunctive relief, but instead demands monetary damages in the amount of $250,000 to compensate him for alleged "harassment", "humiliation", and "harm to [his] psyche." (ECF No. 1 at 6). Dismissal of Plaintiff's Complaint is warranted because it asserts a theory of recovery that is not just implausible, but indeed impossible under Title II. *See Livingstone v. Hugo Boss Store, Atl. City, NJ*, No. 21-01971, 2021 WL 3910149, at *6 (D.N.J. Sept. 1, 2021) (dismissing *pro se* plaintiff's Title II claim with prejudice for seeking compensatory damages); *Roy v. U-Haul*, No. 14-2846, 2015 WL 375664, at *3 (D.N.J. Jan. 28, 2015) (noting unavailability of monetary damages under Title II).

Even assuming Title II entitled Plaintiff to such monetary relief, the Complaint still fails to state a viable cause of action for at least two additional reasons. First, the Complaint does not allege a single fact suggesting that Plaintiff suffered discrimination on the basis of race—Plaintiff merely concludes it. Specifically, in the letter attached to the Complaint, Plaintiff identifies himself as an African American man. (*Id.* at 6). But his Complaint simply asserts in a conclusory fashion that "[r]ace was the only factor in the denial of service." (*Id.* at 3). Other than this, Plaintiff offers no facts plausibly suggesting any discriminatory animus (*e.g.*, suggestive statements directed

---

³ Because Plaintiff's Title II claim fails for failure to seek appropriate relief, the Court does not address whether PFFCU definitionally qualifies as a place of "public accommodation" within the meaning of statute.

toward him, better treatment of similarly situated customers outside of protected class). Though Plaintiff is entitled to a relaxed pleading standard, the Court need not "credit a *pro se* plaintiff's bald assertions or legal conclusions." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)) (internal quotation marks omitted). Second, and perhaps most glaringly, the Complaint fails to allege that Defendant actually denied him any public accommodation. To the contrary, the Complaint affirmatively demonstrates that Defendant accommodated his demand for an advance of funds. (ECF No. 1 at 6).

A Title II claim lacking a sufficient factual nexus between alleged discrimination and a denial of service is implausible. *See Livingstone*, 2021 WL 3910149, at *5 (quoting *Twombly*, 550 U.S. at 556). Moreover, a Title II claim demanding monetary compensation is impossible. *See Roy*, 2015 WL 375664, at *3. Thus, a Title II claim deficient in both respects is surely frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (permitting court to dismiss claims proceeding *in forma pauperis* as frivolous where they are "based on an indisputably meritless legal theory" or a "clearly baseless" factual scenario).

## V.   CONCLUSION

For all of these reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is granted. Plaintiff's Complaint is accordingly dismissed in its entirety, with prejudice.

Dated: December 9, 2022

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge